RODRÍGUEZ, PETITIONER, v. CAMPILLO, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of San Juan, Section 1.

No. 278.—Decided May 4, 1920.

CERTIORARI—PARTY.—The Supreme Court will not review proceedings by a writ of certiorari when the petition is made by a person who was not a party to the suit unless the facts of the case should be very extraordinary, and in this case they are not.

ID.—RECEIVERSHIP—STRANGER.—If a receivership interferes with the rights of a stranger he may apply to the court to be heard *pro interesse suo,* and his rights will be protected against any inequitable interference.

The facts are stated in the opinion.

*Mr. F. Soto Gras* for the petitioner.

*Mr. José de Guzmán Benítez* for the defendant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The only difference between this case and the one of *Masson* v. *Campillo, ante,* page 394, is that the petitioners are not the same. In each case it is sought to set aside proceedings for the appointment of a receiver in an action brought by Carolina Wolkers against Esteban Masson Dávila for the liquidation and recovery of community property now pending in the District Court of San Juan, Section 1.

The facts are stated in the opinion on which our judgment in the aforesaid certiorari proceeding is based.

As grounds of objection to the appointment of the receiver, the petitioner herein, Ramón Rodríguez, alleges in substance that he is in possession as lessee and as owner of some of the properties subject to the receivership; that he is not under the jurisdiction of the District Court of San Juan, Section 1, because he was not summoned and has taken no part in the proceeding for the appointment of a receiver; that he is not a party to the action for the liquidation and recovery of community property, nor to the proceeding for the appointment of a receiver; that the said

court has deprived him of his property rights without due process of law, and that he has no other speedy, adequate and effective remedy for the review of the order for the appointment of a receiver and to prevent the invasion of his rights and the attendant injury that the enforcement of that order would entail.

Those allegations do not support a petition for a writ of certiorari, as will be seen from the doctrine laid down by this court in the case of *Delgado* v. *District Court of Mayagüez,* 8 P. R. R. 484, as follows:

"The principal objection, however, to the granting of this writ is that it does not appear that the petitioner at any time sought to intervene in the proceedings instituted against her wards, nor has she attempted by any other proceeding in the District Court of Mayagüez to protect the alleged rights of those of whom she alleges she stands in representation.

"\* \* \* This court, in the case of *Arsenio L. Arpín* v. *Judge Ramos,* decided on the 3d of April, 1905, that the court will not grant a writ of certiorari where there is a plain and adequate remedy in the ordinary course of the law. It must, besides, be a very extraordinary case which would permit this court to review proceedings when the application for such review is made by one who was not a party to the suit.

"\* \* \*· If proceedings are null and void, or even defective by reason of the lack of proper parties, the party who finds himself in peril, by reason of illegal and defective proceedings, must not stand idly by and then expect that the court of highest resort in the Island will come to his rescue."

Ramón Rodríguez took no action in the lower court to protect, as he might have done, his rights which he claims have been invaded and the facts of the case are not so extraordinary as to warrant any interference by this court.

If a receivership interferes with the rights of a stranger he may apply to the court to be heard *pro interesse suo,* and his rights will be protected against any inequitable interference. High on Receivers, 20–21.

For the foregoing reasons the petition must be denied,

the writ discharged and the case remanded to the District
Court of San Juan, Section 1.

*Writ discharged.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.